**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Lopez, *et al.*, | No. CV-17-01416-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Plaintiffs Oscar and Diocelina Lopez and their minor child J.L. brought this case against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), for the allegedly negligent execution of a search and seizure warrant. The Government has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Summary Judgment ("Mot.") (Doc. 76),to which Plaintiffs have filed a Response ("Resp.") (Doc. 86) and the Government has filed a Reply (Doc. 91).[1] For the reasons that follow, the Court will grant the Government's Motion to Dismiss, deny as moot its Motion for Summary Judgment, and dismiss Plaintiffs' claim for lack of subject matter jurisdiction.

. . . .

. . . .

. . . .

---

[1] The issues have been fully briefed, and oral argument will not aid in the Court's decision. *See* Fed. R. Civ. P. 78(b) (permitting resolution of motions without oral hearings); LRCiv 7.2(f) (same).

## I. BACKGROUND

This case stems from federal agents' execution of a warrant on Plaintiffs' property.[2] On March 3, 2011, a United States Magistrate Judge issued a search and seizure warrant for Lopez Auto Body and Towing in Glendale, Arizona. (SOF ¶¶ 3–4.) The body shop was located on a parcel that also contained a residence, office, and yard. (SOF ¶¶ 5–6.) Acting alongside state and local law enforcement, federal agents executed the warrant the following day. (SOF ¶¶ 8, 19.) Agents breached several doors and windows of the shop, residence, and office, as well as the windows of seven vehicles that belonged to Plaintiffs' customers. (SOF ¶¶ 12–16.) Plaintiffs testified that agents damaged additional property, including a dresser, box spring, kitchen cupboards, a television, closet door, air conditioning vents, and a bedroom wall. (SOF ¶¶ 23–31.) Plaintiffs have also alleged that agents seized a laptop computer and five cell phones. (Doc. 1, Compl. ¶ 20.)

Plaintiffs later filed an administrative claim with the United States Drug Enforcement Agency. The agency denied the claim on November 9, 2016. (SOF ¶ 2.) Plaintiffs filed this case on May 6, 2017. (Compl.) Plaintiffs make a single FTCA claim in which they allege that federal agents negligently executed the search and seizure warrant, which resulted in wrongfully seized and damaged property, lost profits, and emotional pain and suffering. (Compl.) On March 20, 2018, the Court dismissed the lost profits portion of Plaintiffs' claim for lack of subject matter jurisdiction. (Doc. 46, Mar. 20, 2018 Order at 3–5.) With the instant motions, the Government again seeks dismissal for lack of subject matter jurisdiction under the FTCA, or alternatively, summary judgment for insufficient evidence supporting Plaintiffs' claim.

---

[2] Contrary to local rule, Plaintiffs did not submit a separate statement indicating whether they dispute or admit the facts asserted in the Government's Statement of Undisputed Facts ("SOF") (Doc. 77). *See* LRCiv 56.1(b) (requiring non-moving parties to file response to movant's statement of facts). Courts may construe such omissions as admissions. *Lewis v. Dirt Sports LLC*, 259 F. Supp. 3d 1039, 1043 (D. Ariz. 2017) (citing *Szaley v. Pima Cty.*, 371 F. App'x 734, 735 (9th Cir. 2010)). The Court does so here. Plaintiffs do not dispute the Government's statement of facts in their brief; to the contrary, they rely on it several times throughout. (*See* Resp. at 6–8, 11.) Nor have they since requested leave to file a responsive statement. Therefore, the Court deems the Government's statement of facts undisputed for the purposes of this Order.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) – Dismissal for Lack of Subject Matter Jurisdiction

"A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

### B. Rule 56 – Summary Judgment

Summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288–89 (9th Cir. 1987). "Only disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. The non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence

tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256–57 (holding that plaintiff must present affirmative evidence to defeat properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

### III. ANALYSIS

The Court begins and ends with the Government's motion to dismiss. Given the Court's limited jurisdiction, Plaintiffs must first show that this case falls within the Court's subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Government argues that Plaintiffs have not done so here.

The United States is amenable to suit only insofar as it has waived its sovereign immunity. *Conrad v. United States*, 447 F.3d 760, 764 (9th Cir. 2006). The FTCA does so "for a discrete class of lawsuits." *O'Toole v. United States*, 295 F.3d 1029, 1033 (9th Cir. 2002). Namely, it waives sovereign immunity

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, . . . ."). In so doing, the FTCA functions "to compensate the victims of negligence in the conduct of governmental activities in circumstances like unto those in which a private person would be liable and not leave just treatment to the caprice

and legislative burden of individual private laws." *Indian Towing Co. v. United States*, 350 U.S. 61, 68–69 (1955). Still, Plaintiffs face two jurisdictional hurdles.

### A. Private Party Analogue

The first concerns the statute's private party analogue component. According to the Government, Plaintiffs have not described any private party conduct analogous to the execution of a search and seizure warrant. (Mot. at 4–5.) The Government instead characterizes Plaintiffs' claim as a constitutional one, the proper remedy for which is either 42 U.S.C. § 1983 or a *Bivens* claim. (Mot. at 5–6.) Plaintiffs counter that the Government construes the statute's "like circumstances" requirement too narrowly. (Resp. at 3.) The Court agrees, at least to a point.

The FTCA encompasses only those claims which possess a private analogue. *Casillas v. United States*, No. CV 07–395–TUC–DCB (HCE), 2009 WL 735193, at *10 (D. Ariz. Feb. 11, 2009); *see also United States v. Olson*, 546 U.S. 43, 46 (2005) (stating proper analogy is to "state-law liability of private entities, not to that of public entities"). Yet "the words 'like circumstances' do not restrict a court's inquiry to the *same circumstances,* but require it to look further afield." *Olson*, 546 U.S. at 46. The law does not demand a case "exactly on point" to meet this requirement; "an appropriate analogy" will suffice. *Firebaugh Canal Water Dist. v. United States*, 712 F.3d 1296, 1303 (9th Cir. 2013). Plaintiffs advance no such analogy, relying instead on the conclusory view that Arizona law's provision for negligence claims threads the jurisdictional needle. (*See* Resp. at 3–4.) Not quite. But rather than search for a more suitable analogue, the Court will assume one's existence and proceed to the next jurisdictional dispute. *See Firebaugh*, 712 F.3d at 1304 (assuming private analogue to reach discretionary function question).

### B. Discretionary Function Exception

The parties next disagree as to whether the FTCA considers the execution of a warrant a "discretionary function." Among its several exceptions, the FTCA preserves the United States' sovereign immunity for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the

part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "This exception prevents judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Gonzalez v. United States*, 814 F.3d 1022, 1027 (9th Cir. 2016) (quotation and modification omitted).

Courts follow a two-step inquiry in assessing the exemption's application. "First, courts are to ask whether the challenged action was a discretionary one—that is, it must involve an element of judgment or choice." *Id.* (quotation omitted). Decisions specifically prescribed by statute, regulation, or policy fundamentally lack this quality. *Id.* Second, courts must ask whether the discretionary function exception was designed to shield that decision. *Id.* "The decision must be one that is grounded in social, economic, and political policy." *Young v. United States*, 769 F.3d 1047, 1053 (9th Cir. 2014) (quotation omitted). Both conditions are met here.

First, it appears uncontroversial that executing a warrant necessitates discretion. *See Guerrero v. United States*, No. CV4:10-666-TUC-DCB, 2012 WL 12829992, at *5 (D. Ariz. May 31, 2012) ("The execution of a warrant . . . is a fundamental discretionary investigative determination replete with policy choices of the type underlying the exception."); *see also Mesa v. United States*, 837 F.Supp. 1210, 1216 (S.D. Fla. 1993) (deeming execution of arrest warrant discretionary function even if negligently or recklessly executed). Plaintiffs do not dispute this point. They identify no statute, regulation, or policy specifying a course of action for the execution of search and seizure warrants. Nor do they contest the Government's characterization of warrant execution as involving an element of judgment or choice. The first prong is therefore met.

As for the second prong, Plaintiffs again do not question the presence of policy concerns in a warrant's execution. Rather, they argue that theirs is a claim for "garden variety negligence" necessarily falling outside the exception. (Resp. at 8.) To make this argument, Plaintiffs rely on the District of Hawaii's ruling in *Heida v. United States*, 836 F. Supp. 2d 1105 (D. Haw. 2011). There, the district court found that "negligent

construction, maintenance, and other forms of 'garden variety' negligence" lie beyond the exception's purview. *Id.* at 1116. But Plaintiffs seize upon this language in vain. *Heida* concerned alleged negligence in the implementation of construction safety procedures. *See id.* at 1116–17. The Ninth Circuit had already held that such "matters of scientific and professional judgment—particularly judgments concerning safety—are rarely considered to be susceptible to social, economic, or political policy." *Whisnant v. United States*, 400 F.3d 1177, 1181 (9th Cir. 2005). The *Heida* court in turn relied on this rule to find that the exception did not apply there. *See* 836 F. Supp. 2d at 1116–17.

Conversely here, Plaintiffs' negligence claim centers on a search and seizure warrant, the execution of which undisputedly raises policy considerations. *See Guerrero*, 2012 WL 12829992, at \*5; *see also Patel v. United States*, 806 F. Supp. 873, 878 (N.D. Cal. 1992) ("The DEA's decisions to investigate the alleged illegal activity, to obtain the search warrant, when and where to serve the warrant, and to use the MERGE unit personnel to execute the warrant are of the sort that are based on public policy considerations."). To the extent safety concerns did play a role in the agents' decision-making that morning, Ninth Circuit law "establishes that balancing *competing* safety considerations is a protected policy judgment." *Bailey v. United States*, 623 F.3d 855, 862 (9th Cir. 2010); *see also Guerrero*, 2012 WL 12829992, at \*6 ("*Safety decisions* made by law enforcement agents related to the use of force to enter and secure the premises clearly fall within the discretionary function exception to the FTCA and must be dismissed."). (*See also* Mot. at 10–11 (discussing agents' balancing of competing safety interests).) The Court accordingly finds the Government has satisfactorily demonstrated that the two prongs of the discretionary function test have been met here. *See Green v. United States*, 630 F.3d 1245, 1248–49 (9th Cir. 2011).

Questionable though they may have been, the agents' discretionary tactical choices in executing the warrant are not subject to review in the context of the United States' sovereign immunity. This is so even if the agents proceeded negligently. *See* 28 U.S.C. § 2680(a) (applying discretionary function exception "whether or not the

discretion involved be abused"). Indeed, the agents' decisions need not have involved an actual policy consideration, provided their conduct was "by its nature, susceptible to a policy analysis." *See Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000) (quotation omitted). And it was. Plaintiffs having failed to "clear the 'discretionary function' hurdle," the Court finds that it lacks subject matter jurisdiction to hear their claim. *See Gasho v. United States*, 39 F.3d 1420, 1433 (9th Cir. 1994).

**IT IS THEREFORE ORDERED** granting the Government's Motion to Dismiss (Doc. 76), denying as moot the Government's Motion for Summary Judgment (Doc. 76), and dismissing this action for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case.

Dated this 19th day of June, 2019.

Honorable John J. Tuchi
United States District Judge